**FILED**

FEB 0 4 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE ___Western___ DISTRICT OF TEXAS

___San Antonio___ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Jason Christian Varner
**PETITIONER**
(Full name of Petitioner)

Stiles Unit- 3060-FM 3514- Beaumont, TX- 77705
**CURRENT PLACE OF CONFINEMENT**

VS.

#1679158
**PRISONER ID NUMBER**

SA19CA0101 DAE

Warden - Calvin Tucker
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☑ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _174th DISTRICT COURT / HARRIS COUNTY_

2. Date of judgment of conviction: _10/8/10_

3. Length of sentence: _2-10 YEAR SENTENCE CONCURRENT_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _10-YEAR - Possession of Control sub_
_Docket numbers unknown; / 10-YEAR - EVADE ARREST - BSI or DEATH_

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☐ Not Guilty   ☑ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☑ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __N/A__

   __N/A__   Cause Number (if known): __N/A__

   What was the result of your direct appeal (affirmed, modified or reversed)? __N/A__

   What was the date of that decision? __N/A__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __N/A__

   Result: __N/A__

   Date of result: __N/A__   Cause Number (if known): __N/A__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __N/A__

    Nature of proceeding: __N/A__

    Cause number (if known): __N/A__

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

Grounds raised: _____N/A_____

_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____N/A_____

Nature of proceeding: _____N/A_____

Cause number (if known): _____N/A_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____N/A_____

Grounds raised: _____N/A_____

_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____N/A_____

   (b) Give the date and length of the sentence to be served in the future: _____N/A_____

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____N P_____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes ☑ No

16. Are you eligible for release on mandatory supervision? ☑ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    Mark Stiles Unit - 3060 FM 3514-Beaumont, TX - 77705

    Disciplinary case number: #20190092097

    What was the nature of the disciplinary charge against you? Assault on Officer

18. Date you were found guilty of the disciplinary violation: 12/13/18

    Did you lose previously earned good-time days? ☑ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    30 days GoodTime credits loss & Line class 2 Reduction to Line class 3 (A Bundance of GoodTime)

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    45 days-Recreation Restriction / 60 days-Commissary Restriction / 30 days - GoodTime credits loss / 45 days - cell Restriction days / Reduction Line class 2 to Line class 3 (Abundance of GoodTime) / custody down grade G2 to G5 custody.

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☑ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: Denied

-5-

Date of Result: 1/24/19

Step 2 Result: DENIED

Date of Result: N/A

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** The Disciplinary Hearing Decision Maker Captin Knod violated the Petitioners Right to an Fair Impartial Decision by Administering a Punishment in Excess of Punishment Authorized by TDCJ-Disciplinary Procedure.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   The Disciplinary Captin Knod violated the Petitioner Right entitled by Federal law by making a unfair Decision in his Punishment by Administering a Punishment of (60-days) Commissary Restriction which is in Excess Beyond Punishment Authorized by "TDCJ-Disciplinary Procedure-Chapter 1, Section A, 1.C. Instructs-no Punishment loss of Privilege shall exceed 45 days" (See Attachment Disciplinary Case-Exhibit-A) see Punishment Section 60 Days Commissary Restrict in excess Punishment; was unfair by violating TDCJ Rule & Procedure, these incidents happen in (12/2018) I could not be present in a first Petition.

B. **GROUND TWO:** (Actual innocence) Captin Knod the Hearing Decision maker unfair in his decision in the guilty verdict Finding by Denying the Documentary evidence stated; violated Federal law which caused the Petitioner to lose "a Parole vote."

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Captin Knod was unfair; impartial in Finding the guilty verdict Because there was no way a (C.O. Strother) was assaulted with "feces" from a container which she testified on "tape" because all of the Petitioners Property was in storage; the Petitioner was on "P.H.D" Property Restriction; had no Property in a empty cell; State Property inventory Record Documents is evidence that the Petitioner is "Actually Innocent". The Captin in the Hearing was unfair; caused the Petitioner to lose his "Parole vote"; scheduled early Release in (Jan 2019) by Finding the Petitioner guilty; not considering evidence supported by official state records.

-6-

C. **GROUND THREE:** (Actual innocence) Captin Knod the Hearing Decision unfair in violation Federal law by not considering evidence in documents supported by the Records, found a guilty verdict causing the Petitioner to lose Parole.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Captin Knod was unfair refusing to accept the defense there was no (container) confiscated at the incidence which prove the Petitioner "Actual innocence", in accordance with "TDCS Rule; Proc." upon "staff assault with a "substance fluid" officers enter the cell, confiscate all containers that have the ability to eject a fluid substance, all confiscated containers must be documented, the offender must sign the State confiscation Record. No confiscation form or containers was signed or admitted or submitted in State Records which proved the Petitioner was actually innocence. The claims; infractions occurred (12/18) year; could not be presented in a first Petition.

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: The Petitioner seeks to have Disciplinary Case # 20190092097 overturn the loss 30-Days-900 time credits return / the loss line Class 2 return /; custody (G2) return, Where fore the Petitioner pray for Relief &

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes  ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

The grounds presented in this petition could not be presented because the Disciplinary case/charge & Factual basis did not exist until (Dec. 2018) which is a new infraction charge; could not be presented.

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____ N/A _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Lana Gordon - Attorney at Law_

(b) At arraignment and plea: _Lana Gordon - Attorney at Law_

(c) At trial: _Lana Gordon - Attorney at Law_

(d) At sentencing: _Lana Gordon - Attorney at Law_

(e) On appeal: _N/A_

(f) In any post-conviction proceeding: _N/A_

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

The one year statute of limitations contained in 28 U.S.C § 2244(d) does not bar the Petition because of the "Actual Innocence claims" which can never be time barred by Law; Defeats the 28 U.S.C. § 2244(d) statue of limitations; The Factual Basis for the Petition did not exist at the time of the First Petition

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__January 29, 2019_____ (month, day, year).

Executed (signed) on __January 29, 2019_____ (date).

_____*Jason C Varner*_____
Signature of Petitioner (required)

Petitioner's current address: __Stiles Unit - 3060 - FM - 3514 - Beaumont, TX. 77705__

-10-

TDCJ DISCIPLINARY REPORT AND HEARING RECORD
CASE: 20190092097 TDCJNO:01679158 NAME: VARNER,JASON CHRISTIAN    EA:
UNIT:ST  HSNG: 11TRA  24 B    JOB: PRE-HEARING DETENTION        IQ: 001
CLSS: L1 CUST: G2 PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS:    LMHA
GRDE: MA / JY   OFF.DATE: 12/10/18  04:30 PM  LOCATION: ST 12 BUILDING
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT ST BUILDING-12-E-POD-42-CELL,
OFFENDER: VARNER,JASON CHRISTIAN, TDCJ-ID NO. 01679158, DID EXPOSE OFFICER A.
STROTHER TO FECES BY THROWING IT IN MY FACE.

CHARGING OFFICER: STROTHER, A. COIII           SHIFT/CARD: 1 2

OFFENDER NOTIFICATION     IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 4:25am 12-12-18  BY:(PRINT) L McCord CS1
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X_____  DATE: 12-12-18
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE X_____  DATE: 12-12-18

## HEARING INFORMATION

HEARING DATE 12-13-18 TIME: 1014A UNIT ST FOLDER 7A FILE 58 DSFILE 24692
COUNSEL SUBSTITUTE AT HEARING: LM  FOLDER___ FILE___ DSFILE___
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)_____

Accused for 9am 12-13-18.
OFFENDER STATEMENT: it was not feces the officer had
a fit. It was food.
OFFENSE CODES:    03.5
OFFENDER PLEA: (G, NG, NONE) NG / / / /
FINDINGS: (G) NG, DS)  G / / / /
REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL:
(B) C/O written report (C) C/O verbal testimony
@ the hearing.

## PUNISHMENT

LOSS OF PRIV(DAYS)      REPRIMAND............       SOLITARY(DAYS).......
*RECREATION(DAYS) 45   EXTRA DUTY(HOURS)......     REMAIN LINE 3........
*COMMISSARY(DAYS) 60   CONT. VISIT SUSP. THRU _/_/_  REDUC. CLASS FROM L2 TO L3
*PROPERTY(DAYS)___     CELL RESTR(DAYS)...... 45    GOOD TIME LOST(DAYS) 30
 OTS(DAYS)..___        SPECIAL CELL RESTR(DAYS).    DAMAGES/FORFEIT. $___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
2nd rule violation x 180 days and due to the seriousness
of the offense.
CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)__ AND NO___ 5:45
DATE PLACED IN PRE-HEARING DETENTION: N/A  HEARING LENGTH ___ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:_____
_____
HEARING OFFICER (PRINT)   WARDEN           REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

EXHIBIT A

# *MEMORANDUM OF LAW*

## I.

In the Petition Jason Christian Varner #1679158 is challenging a disciplinary case #20190092097 on basis of Federal Law violations in the disciplinary hearing. (See)→(Wolff v. McDonnell, 418 U.S. 539 (1974)) Inmates receiving good time credits is entitled to (1.) Notice of case 24 hrs. (2) Fair impartial decision maker (3.) Present witnesses & documentary evidence. (4) A written statement for reason for guilty finding. (5.) Assistance in preparing for hearing.

## II.

Varner asserts that he was denied his right to a fair impartial decision maker who imposed a excessive punishment of (60 days - commissary restriction) which is beyond what is authorized by TDCJ - Rule & Disciplinary Proc & violated the procedure for offender disciplinary hearing & Federal Law. TDCJ - Policy states," The goals of the offender disciplinary process are to: (1.) Ensure offenders are not disciplined unfairly (2) Ensure the Constitution Rights are Protected. This plan is in compliance with Tex. Gov. Code §§ 493.001, 494.002, 493.005, 493.0051 497.051, 499.004 (while the right to an impartial decision maker was not made explicit in Wolff's due process requirements. The court did entertain an inmates claim that at the hearing committee he faced was not sufficiently impartial - Wolff, 418. U.S. at 571)

## III.

Varner the Petitioner asserts that he is entitle for relief under 2254 Habeas Corpus because of good-time credits loss in the disciplinary proceeding; The Petitioner had a mandatory release date; was (granted) parole & was scheduled for early release. Pursuant to the mandatory supervisor statutes in effect when Varner committed his holding offenses he is eligible for release to mandatory supervison (see)→ Tex. Gov't Code §508.149(a) (West 2010). (Eligibility for mandatory supervison is determined by the date of commission of the offense - Ex Parte Hall, 995 S.W. 2d 151, 152 (Tex Crim. App. 1999)

In Texas, prisoners eligible for release on mandatory supervison release, may have a protected liberty interest in previously-earned goodtime. (See) Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002); Malchi v. Thaler, 211 F.3d 953, 956-58 (5th. Cir. 2002) (see)→ (Teague v. Quartman, 482 F.3d 769, 776-777 (2007) - Holding that inmate has a protected interest in the post September, 1996 mandatory supervison statutory scheme.)

(Accordingly, Prison disciplinary proceeding involving revocation of goodtime credits for mandatory-supervison-eligible prisoner must comport with the due process procedures set forth in Wolff v. McDonnell, 418.U.S. 539, 556, -70 (1774) (See also)→ (Walker v. Navarro County Jail, 4. F.3d 410, 412 (5th. Cir. 1983) - Holding that the Wolff requirements apply to cases involving the loss of goodtime credits)

## Conclusion.

According relief should be granted
The Petitioner prays for relief

Signed on the 29th day of Jan, 2019

Respectfully Submitted,

*Jason Christian Varner*

Jason Christian Varner
Stiles Unit
3060 FM 3514
Beaumont, TX
77705